IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| TANIYAH KIMBROUGH, KIASIA BUTLER, and MEAGAN FOSTER,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTH CAROLINA STATE UNIVERSITY and JEBLONSKI GREEN, in his individual capacity,<br><br>Defendants. | Civil Action No.<br>5:24-CV-01900-JDA-SVH<br><br><br><br><br>**COMPLAINT**<br>**AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Plaintiffs. As set forth with greater particularity herein, Plaintiffs allege that South Carolina State University ("SCSU") subjected Plaintiffs to an unlawful, discriminatory, and sexually hostile work environment perpetuated by and through the second in command at the SCSU police department, Captain Jeblonski Green ("Green"). Plaintiffs further allege that the discriminatory and sexually hostile work environment created by SCSU and its agent Green, culminated in Plaintiffs' discharge because of their gender and their protected opposition to Green's unlawful conduct and that any proffered justification for SCSU's actions are pretextual. Finally, Plaintiffs further contend that Green's conduct constituted the intentional infliction of emotional distress under South Carolina law.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1343. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 (as amended). The amount in controversy in this action exceeds the jurisdictional minimums of this Court.

2. Venue is proper with this Court as substantially all employment practices alleged to be unlawful were committed while Plaintiffs were employed at their work location in Orangeburg, South Carolina.

## PARTIES

3. Plaintiff, Taniyah Kembrough, is a citizen and resident of the State of South Carolina.

4. Plaintiff, Kiasia Butler, is a citizen and resident of the State of South Carolina.

5. Plaintiff, Meagan Foster, is a citizen and resident of the State of South Carolina.

6. Defendant, South Carolina State University ("SCSU") is a public institution of higher learning situated in Orangeburg, South Carolina.

7. Defendant, Jeblonski Green, is, upon information and belief, a resident of the State of South Carolina. Green is subject to the jurisdiction of this Court because he committed wrongful and tortious acts that injured the Plaintiffs in South Carolina.

8. At all relevant times, Defendant SCSU has continually conducted business in the State of South Carolina, and in the City of Orangeburg, and has continually employed at least fifteen (15) employees.

9. At all relevant times, Defendant SCSU has been continuously an employer engaged in an industry affecting commerce within the meaning of Title VII.

10. At all times relevant hereto, Defendant SCSU continuously employed in excess of five hundred (500) employees.

## FACTUAL ALLEGATIONS

11. Plaintiffs were hired as contract employees of Defendant SCSU on or about September 1, 2022, with their contract periods ending on June 30, 2023.

12. At their hiring, Defendant SCSU notified Plaintiffs that their jobs were funded by money set aside by the President of the University and specifically allocated to the Police Department for the additional hiring of six new security officers, including Plaintiffs.

13. During their employment, Plaintiffs were subjected to a workplace that was hostile towards women and they were further subjected to unwelcome sexual conduct at the hands of Defendant Green, who had a position of authority over Plaintiffs.

14. For example, Defendant Green escorted the three female Plaintiffs to Columbia, South Carolina for the purpose of selecting their duty uniforms and while at the store, Defendant Green asked Plaintiffs to try on the uniforms and to turn around in them so he could see them. Defendant Green did not make this request of Plaintiffs' male colleague who also was present.

15. Defendant Green also subjected Plaintiffs to unwelcome physical touching during their brief tenure with Defendant SCSU.

16. Plaintiffs reported Defendant Green's unwelcome harassment to SCSU's Chief of Police and other SCSU officials, and thereafter Plaintiffs were given less than desirable jobs that were beyond the scope of their original employment agreement, among other acts of retaliation.

17. On December 1, 2022, after Plaintiffs complained to SCSU officials and got no relief, Plaintiff Kembrough filed a Title IX complaint through Defendant SCSU's internal mechanisms.

18. On December 5, 2022, Defendant SCSU notified Plaintiffs they would be terminated effective December 31, 2022.

19. Plaintiffs questioned why they were being terminated and Defendant SCSU's agents replied that their employment was funded by COVID funds, and those funds had run out, despite SCSU having previously assured Plaintiffs that the funds for their jobs were secured by a grant from the President of SCSU and included a specific term of employment, which was directly contrary to earlier assertions that sufficient funds were set aside to employee six additional hires with the SCSU Police Department.

20. The purported bases for Plaintiffs' terminations were mere pretexts.

21. Defendant Green, acting in his individual capacity and as an agent of Defendant SCSU, engaged in sex discrimination against Plaintiffs by subjecting them to a continuing course of unwelcome and offensive harassment because of their sex (female). Such harassment was of sufficient severity and/or pervasiveness to create a hostile work environment because of Plaintiffs' sex (female).

22. Defendant SCSU terminated Plaintiffs because of their sex (female) and in retaliation for their opposition to Green's harassing conduct.

23. The effect of the practices complained of hereinabove has been to deprive Plaintiffs of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and their conduct in opposition to unlawful employment practices under Title VII.

24. The unlawful employment practices complained of hereinabove were intentional.

### FIRST CAUSE OF ACTION
**Sexual Harassment (*Quid Pro Quo* and Hostile Work Environment)**

25. Plaintiffs incorporate as if fully restated all of the allegations previously written.

26. Plaintiffs were subjected to unwelcome, offensive, sexually discriminatory, and harassing conduct by their supervisor, Defendant Green.

27. The harassing conduct by Defendants against Plaintiffs was based upon and directed at Plaintiffs due to their gender (female).

28. The environment Plaintiffs were subjected to would reasonably be perceived as, and Plaintiffs did perceive it to be, hostile and/or abusive.

29. The harassing conduct by Defendant SCSU against Plaintiffs was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiffs' physical health and mental wellbeing, and so as to create an intimidating, hostile, and offensive working environment. SCSU's actions constructively changed Plaintiffs' working conditions in violation of Title VII.

30. Plaintiffs' refusal to accept Green's inappropriate, sexually-directed conduct resulted in a tangible employment action against Plaintiffs in that they were mistreated, then terminated.

31. Defendant SCSU was responsible for Defendant Green's actions, and knew, or should have known, about the harassment, and failed to take corrective action.

## SECOND CAUSE OF ACTION
### Sex Discrimination

32. Plaintiffs incorporate as if fully restated all of the allegations previously written.

33. As females, Plaintiff are members of a protected class. During the course of Plaintiffs' employment with Defendant SCSU, Defendant, by and through its agents and employees, including Defendant Green, discriminated against Plaintiffs in the terms, conditions, and privileges of employment because of their sex (female), in violation of Title VII. The above-described unwelcome sex discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiffs' emotional and physical wellbeing.

34. As a result of the hostile and offensive work environment perpetrated by Defendant SCSU's agent/employee Green, and maintained by Defendant's other supervisors and Defendant SCSU, and Defendant SCSU's failure to protect Plaintiffs from such discrimination, Plaintiffs suffered humiliation, emotional distress, and physical pain.

35. Defendant SCSU, by and through its agents, employees, and/or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant Green as described above.

36. Defendant SCSU failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

37. The sex discrimination resulted in an adverse employment action against Plaintiffs in that they were subjected to mistreatment and ultimately terminated.

38. Plaintiffs were performing their job duties at a level that met and/or exceeded Defendant's legitimate expectations at the time of the adverse employment action.

39. As a further direct and proximate result of Defendant SCSU's violation of Title VII as described, Plaintiffs have been compelled to retain the services of counsel and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiffs.

### THIRD CAUSE OF ACTION
*Against Green Only*
**Intentional Infliction of Emotional Distress**

40. Plaintiffs incorporate as if fully restated all of the allegations previously written.

41. The acts that Green committed against the Plaintiffs intentionally and/or recklessly inflicted severe emotional distress on the Plaintiffs.

42. Green's persistent sexual harassment and other conduct, as aforesaid, was so extreme and outrageous as to exceed all possible bounds of decency, and it must be regarded as atrocious and utterly intolerable in a civilized community.

43. Green's action caused Plaintiffs to suffer severe emotional distress, requiring a sustained course of expert psychiatric and other care.

44. The emotional distress suffered by the Plaintiffs was so severe that no reasonable person could be expected to endure it.

**PRAYER FOR RELIEF**

Wherefore, having fully set forth her Complaint against Defendants, Plaintiffs pray:

A. That judgment be entered against Defendant SCSU for actual and punitive damages on Plaintiffs' causes of action for violations of Title VII of the Civil Rights Act of 1964, and that such damages include, but not be limited to, front pay, back pay, and damages for emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, as well as prejudgment and Plaintiffs' reasonable attorneys' fees;

B. That judgment be entered against Defendant Jeblonski Green on Plaintiffs' cause of action for intentional infliction of emotional distress; and

C. For such other and further relief as the Court deems necessary, proper, and lawful.

**JURY TRIAL DEMAND**

Plaintiffs request a jury trial on all matters so triable.

*~ signature page to follow ~*

RESPECTFULLY SUBMITTED,

*s/Charles H. Williams, III*
Charles H. Williams, III (Fed ID: 12968)
Fed Bar No.: 12968
WILLIAMS & WILLIAMS ATTORNEYS AT LAW
1281 Russell Street
Orangeburg, South Carolina 29115
T: (803) 534-5218
F: (803) 536-6544
charlie@williamsattys.com


*s/Amy L. Gaffney*
Amy L. Gaffney (D.C.I.D. No. 6316)
STROM LAW FIRM, LLC
6923 N. Trenholm Road, Suite 200
Columbia, South Carolina  29206
T: 803.252.4800
F: 803.252-4801
agaffney@stromlaw.com

**ATTORNEYS FOR PLAINTIFFS**

April 12, 2024
Orangeburg, South Carolina